**STATE OF MONTANA,**
      **Plaintiff,**                      **NO. 1190-B**
      **vs.**                            **DECISION**
**Kenneth Albert Miller,**
      **Defendant.**

On April 15, 1987, it was the judgment of the court that the defendant is guilty of the crimes of Assault, Robbery and Deliberate Homicide (2 Counts) all as charged in the amended Information and the jury's verdict thereon. That on his conviction for the crime of Assault, the defendant, Kenneth Albert Miller, is hereby sentenced to a term of 10 years in the Montana State Prison. That for his conviction of the crime of Robbery, the defendant, Kenneth Albert Miller, is hereby sentenced to a term of 20 years in the Montana State Prison. That for his conviction of the crime of Deliberate Homicide involving Terrance Duffy, the defendant, Kenneth Albert Miller, is sentenced to a term of 75 years in the Montana State Prison. That for his conviction of the crime of Deliberate Homicide involving Marie Duffy, the defendant, Kenneth Albert Miller, is sentenced to a term of 75 years in the Montana State Prison. Each of the sentences herein imposed shall run consecutive with each other and in addition, he is designated a dangerous offender for the purpose of parole eligibility pursuant to section 46-18-404, MCA, and for the reasons set forth herein. The defendant shall be given credit for the time served from the date of his arrest on November 18, 1986, to the date hereof. That the defendant, Kenneth Albert Miller, pursuant to section 46-18-202(1)(c) and (e), MCA is prohibited from, in any way whatsoever, profiting financially or economically as a result of his criminal conduct. The defendant may not receive, in any form whatsoever, any income derived, directly or indirectly, from his participation in or knowledge of the criminal activities for which he has been convicted. In that regard, it is hereby ordered that any person, firm, partnership, association, corporation or other legal entity contracting with the defendant, Kenneth Albert Miller, with respect to the depiction of the defendant's crimes in a movie, book, magazine article, radio or television production, or live presentation of any kind, or with respect to the defendant's thoughts, feelings, opinions or emotions regarding the crimes, shall file a copy of such contract, be owing to the defendant. The Clerk of Court shall establish, by deposit, an escrow account in the name of the defendant for the benefit of and payable to the victims of said crimes and/or Jefferson County as the Court shall deem appropriate upon final termination of all legal proceedings in this case. Any moneys in an escrow account shall be paid over to the defendant in the event that dismissal or acquittal of the charges upon which he has been convicted occurs and no other claim arising out of a civil action exists, in which case said moneys shall be disbursed as lawfully determined by a court of competent jurisdiction. The Clerk of Court may, upon an order from this Court, make fair and reasonable payments from the escrow ac-

count to the defendant for the exclusive purpose of retaining legal representation at any stage of these proceedings or in a civil action related to the offenses for which the defendant has been convicted. Any action taken by any person, whether by way of execution of a power of attorney, creation of corporate entities or otherwise, to defeat the purpose of this order shall be declared null and void as against the public policy of this State.

On February 19, 1998, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Attorneys Wendy Holton and Steve Ungar. The state was represented by Valerie Wilson, Jefferson County Attorney and John Connor, Assistant Attorney General.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also to increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division provides: "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 45-18-904(3), MCA.) The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

After careful consideration, it is the unanimous decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 19th day of February, 1998.

DATED this 12th day of March, 1998.

**Chairman, Hon. Wm. Nels Swandal, Member, Hon. Richard Phillips and Member, Hon. Jeff Langton.**

The Sentence Review Board wishes to thank Attorneys Wendy Holton and Steve Ungar for representing Kenneth Miller and Valerie Wilson, Jefferson County Attorney, and John Connor, Assistant Attorney General, for representing the State.